Sedgwick, Ch. J., (concurring).
I agree with Judge Ingraham, and wish to point out that, beside the election to avoid the notes, in the mere bringing of the proceeding in chancery in New Jersey, the plaintiffs by means of that proceeding gained an advantage and the defendant suffered a disadvantage. This of itself made the election final.
That proceeding was begun by a bill of complaint. It alleged that the defendant, by false and fraudulent representations, particularly set forth, induced the plaintiffs to sell and deliver to defendant certain goods, for the price of which the defendant delivered its promissory notes to the plaintiffs, “which notes your orators bring into court and tender themselves willing to surrender under the direction of the court,” “ and your orators therefore repudiate the contract, and would take back the materials delivered, if it *470 were possible to do so at this length of time.” The petition showed that at the time of the bill the . promissory notes were not due ; that the defendant was a corporation formed under the laws of the state of New York ; that it owned property situated within the state of New Jersey, and that it was insolvent. The bill prayed that a receiver be appointed of the property of the defendant.
An order to show cause why such a receiver should not be appointed was argued, the defendant appearing by counsel, and it was then ordered that Henry T. Hopper, Esquire “ be appointed and he is hereby appointed receiver, with full power to demand, sue for, collect and receive and take into his possession, all the goods, etc., of any and every description belonging ” to the said company.
It appeared on the trial, that it became the duty of the receiver to turn the property taken by him in the proceeding, into money, and to distribute that among such persons as should prove any claim against the company. This duty had not as yet been performed, but that the receiver was about to perform it in the future.
It would seem clear that if this were all the evidence, that an election had been made, and that under it, having procured a transfer of defendant’s property in New Jersey, and that, too, at a time before the notes became due, the plaintiffs had avoided the notes and could not thereafter resort to the notes.
The learned counsel for the plaintiffs claim, that the court below erred in excluding the evidence offered by plaintiffs to show that the action of the court in chancery in appointing a receiver, was not based at all on the allegation in the bill charging fraud against the defendant, and to show that the charge of fraud was withdrawn.
The evidence excluded was in part an order made *471 upon the motion of the defendant in the chancery proceedings, that the promissory notes in question be surrendered in accordance with the tender in the bill, or that the same be impounded with the clerk of the court. The order recited that the complainants did not intend to rely on the statement of fraud on the defendant’s part set up in the bill, and proceeded to state that the chancellor being of the opinion, for divers reasons him thereto moving, that said motion should be denied, ordered that the same be denied with costs.
Whatever might be the effect of the declaration of the counsel for. complainant, that effect concerned the future and did not annul the legal effect of what had already happened on the filing of the bill and the appointment of the receiver. Indeed, the withdrawing of the allegation of fraud would have left the prayer for the appointment of a receiver without any ground, for, as has been shown, there would have been left no allegation of fact that would show that the complainant claimed that the defendant was indebted in contract. And several months after the order that was excluded from the testimony was made, the plaintiffs here, recognized the authority of the receiver as continuing, by entering an order of the discontinuance of an action against the corporation upon the consent of the receiver. I am of opinion that the exclusion of the order did not injure the plaintiffs. If it had been admitted as evidence, the conclusion of the court, upon the testimony admitted, should not have been changed.
The defendant, on the trial below, proved without objection, for the purpose of supporting its defence, that the plaintiffs had elected to avoid the notes and to proceed against defendant for fraud ; that the plaintiffs had begun an action in the state of New Jersey, by attachment, which the sheriff had levied upon the defendant’s property in that *472 state. The attachment proceeded upon an affidavit that the defendant was indebted on contract. The defendant gave extrinsic evidence to show that the claim in the attachment was upon the sale of the goods, for which the promissory notes in action were given; and argued that the notes must have been avoided for fraud by the plaintiffs, because the claim in the attachment was treated as maturing before the notes matured. The plaintiffs were not permitted to show that the attachment-suit had been discontinued by order. The order proposed for testimony and the papers on which it was founded appear in the case and, in my opinion, if treated as admitted, they do not change the result of the decision below. That order of discontinuance was based upon the consent of the receiver appointed in the chancery proceeding. It recognized the right of that receiver to act for the corporation and to take into his possession as receiver the property of the defendant. Its intended, if not actual, effect was, that the sheriff should deliver the property levied upon by him, to the receiver, and at the least it freed the title of the receiver from the claim of the sheriff. So that the discontinuance made clearer the advantage to the plaintiffs and the disadvantage to the defendant caused by the appointment of the receiver.
The court, on the trial below, did not allow the defendant to show that at the time of the appointment of the receiver the counsel for defendant here, who was complainant there, made a certain statement. The counsel offering the testimony did not explain the nature of this statement. The court in excluding the statement permitted the defendant to prove what ruling the chancellor made, if verbal or written. The court was right, as prima facie the statement of a counsel is not evidence of the existence of any fact.
*473 The result below should not be changed, because in the chancery suit the defendant did not answer and no judgment had been entered. The effect of not answering was that the defendant conceded the correctness Of the charge made in the bill, and if no judgment was entered, that was because the plaintiffs did not apply for judgment. The election was effectual upon the earlier appointment of the receiver.
The same considerations are relevant to the position of plaintiffs, that they had not proved any claim before the receiver and that the time for proving claims had expired. ' The receiver had possession of the property lawfully as against the parties to this action. That property had been appropriated to the satisfaction of claims against the defendant and among them of plaintiffs’ claim. If plaintiffs omitted to secure their part of the benefit of that appropriation, none the less had the appropriation been made. As the appropriation had béen made at the instance of the plaintiffs, solely upon the position they took in the bill, that goods had been obtained by fraud, they were at least from the time of the appointment of the receiver, held to the election then made. On the record it appears that the only right they claimed to become complainants, was that they had been defrauded by the defendant.
The judgment should be for defendant, plaintiffs’ exceptions being overruled, with costs.
Freedman, J., concurred.